*Children's Servs. Unit*, 48 AD3d 1292, 1293 [2008]). We conclude on the record before us that respondent's determination that respondent Niagara County Department of Social Services established by a fair preponderance of the evidence at the fair hearing that petitioner maltreated the subject child is supported by substantial evidence (*see Hattie G.*, 48 AD3d at 1293; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Contrary to the further contention of petitioner, who proceeded pro se at the fair hearing, she was not entitled to assigned counsel at the hearing and thus her contention with respect to the denial of due process based on the lack of representation lacks merit (*see generally Matter of Brown v Lavine*, 37 NY2d 317 [1975]). Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.

██ Douglas P. McClintic, Respondent, v CSX Transportation, Inc., Appellant. [890 NYS2d 888]—

Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.

██ In the Matter of James Langler, Petitioner, v County of Cayuga et al., Respondents. [892 NYS2d 697]—